

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 8, 1971

Honorable Preston Smith          Opinion No. M-971
Governor of Texas
State Capitol                    Re: Effect of State's nepotism
Austin, Texas 78711                  law (Articles 432 and 435,
                                     V.P.C.) on employments by
                                     regional councils of govern-
Dear Governor Smith:                 ment.

Your request reads in part as follows:

"The Governor, as the State's chief planning officer, has the responsibility for administering State financial assistance to the various regional councils of governments in Texas. By state law, this office also provides technical assistance to these regional councils as necessary. In this regard, I am hereby requesting your written opinion concerning a point of law which has recently arisen in one of these regional councils.

"Specifically, what effect, if any, does the State's nepotism statute have in regard to regional councils of governments? If the nepotism law is applicable, are there points which may be enumerated as general guidelines for regional councils to follow to insure that they are not in violation?"

Article 432, Vernon's Penal Code, provides in part:

"No officer of this State nor any officer of any district, county, city, pre-cinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or

-4746-

under authority of any General or Special
Law of this State, nor any member of the
Legislature, shall appoint, or vote for, or
confirm the appointment to any office, posi-
tion, clerkship, employment or duty, of any
person related within the second degree by
affinity or within the third degree by con-
sanguinity to the person so appointing or
so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be
a member, when the salary, fees, or compensa-
tion of such appointee is to be paid for, di-
rectly or indirectly, out of or from public
funds or fees of office of any kind or char-
acter whatsoever; . . .".

Article 435, Vernon's Penal Code, provides:

"No officer or other person included
within the third preceding article shall
approve any account or draw or authorize
the drawing of any warrant or order to pay
any salary, fee or compensation of such
ineligible officer or person, knowing him
to be so ineligible."

It thus appears that Article 432 prohibits any
officer of any subdivision of the State from appointing,
voting for or confirming the appointment to any office,
position, clerkship, employment or duty, of any person
related within the prohibitive degree when the salary,
fee or compensation is to be paid for directly or in-
directly out of or from public funds of any kind or char-
acter.

The regional councils of government are created
pursuant to the provisions of Article 1011m, Vernon's Civil
Statutes, and are governed by a regional planning commission.
Section 4 of Article 1011m specifically states, "a regional
planning commission shall be a political subdivision of
this State, . . .". It is therefore our opinion that the provi-
sions of Article 432 and 435, Vernon's Penal Code, are appli-
cable to the employees of a regional planning commission.

Section 6 of Article 1011m, supra. provides:

"Sec. 6.    (a) A Regional Planning Commission is authorized to apply for, contract for, receive and expend for its purposes any funds or grants from any participating governmental unit or from the State of Texas, federal government, or any other source.

"(b) The Commission shall have no power to levy any character of tax whatever.  The participating governmental units may appropriate funds to the Commission for the cost and expenses required in the performance of its purposes."

Articles 432 and 435 do not prohibit the payment by a participating governmental unit of a grant payable to a regional planning commission.  These Articles would, however, prohibit the payment of any salary, fee or compensation to a person related within the prohibitive degree by either the regional planning commission or governmental unit.

### SUMMARY

The nepotism laws of this State (Articles 432 and 435, V.P.C.) are applicable to regional planning commissions and their employees.  These Articles do not prohibit payments of grants by governmental units to a regional planning commission, but they do prohibit payments to persons related within the prohibitive degree of a salary, fee or compensation whether such payment is made by a governmental unit or the regional planning commission.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Honorable Preston Smith, page 4    (M-971)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Malcolm Quick
Sally Phillips
Dick Chote
Harriet Burke

SAM McDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant